Dana B. BROWNLEE, Appellant,

v.

Wilbur H. BROWNLEE, Appellee.

No. 6779.

Court of Civil Appeals of Texas, El Paso.

Nov. 8, 1978.

Rehearing Denied Nov. 29, 1978.

Dick Stengel, El Paso, for appellant.

Stewart W. Forbes, El Paso, for appellee.

## OPINION

OSBORN, Justice.

The Appellant appeals from a judgment in a divorce case which made no disposition of military retirement and disability benefits earned by the Appellee who retired after twenty-one years of military service. We affirm in part and in part reverse and remand.

The Appellant presents one point of error contending the trial Court erred in not disposing of all community property, even though the Court was aware that the military retirement and disability benefits of Appellee were subject to division.

These parties were married on October 31, 1945, separated October 1, 1977, and were divorced on April 26, 1978. All property acquired during this period of time is presumptively community property. The Appellee spent twenty-one years in the Air Force and received an honorable discharge. He testified he receives $1,100.00 per month from the Veteran's Administration and the Social Security Administration for a disability rating.

Where the service man has not served in the military long enough to earn retirement benefits, payments received for service-connected disability are separate property. *Ramsey v. Ramsey*, 474 S.W.2d 939 (Tex.Civ.App.—Eastland 1971, writ dism'd w.o.j.). But in *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), the Court characterized "disability retirement" as community property. In that case, the husband had completed twenty years of service in the Air Force and thus became eligible for voluntary retirement. He was subsequently ordered retired on account of a diabetic condition and a thyroid deficiency and received disability retirement pay. In a parti-

tion suit filed four years after the divorce, the wife was awarded one-half of this disability retirement pay because it was found to be a community asset undivided at the time of the divorce. To the same effect, see *Simmons v. Simmons*, 568 S.W.2d 169 (Tex. Civ.App.—Dallas 1978, writ pending).

In the divorce entered in this case, the trial Court did not make any mention of this disability retirement, and it remains an undivided community property asset. Thus, it is necessary to remand the case to the trial Court for a fair and equitable division of this community asset. In reaching this decision, we will again note the request of our highest Court for both bench and bar to inquire as to retirement programs and fully dispose of all assets in all divorce cases. See *Busby v. Busby*, supra at 555; and *Cearley v. Cearley*, 544 S.W.2d 661 at 666 (Tex.1976). In this case, trial counsel for Appellant directed eighteen pages consisting of 168 interrogatories to the Appellee, not a single one of which inquired about retirement benefits. The record on appeal consists of seventy-six pages, many of which relate to attorney's fees, and yet all of the testimony about retirement benefits could be put on one page. There is no proof as to the number of years Appellee served in the Air Force while married to the Appellant, although this is an essential element to a determination as to the division to be made of military retirement benefits. See *Cearley v. Cearley*, supra; *Schappell v. Schappell*, 544 S.W.2d 807 (Tex.Civ.App.— El Paso 1976, no writ).

The judgment of the trial Court granting a decree of divorce is affirmed. In the interest of justice, that part of the judgment dividing the community property, ordering payment of debts, and providing for attorney's fees is reversed and remanded so that all community assets may be considered by the trial Court in making a fair and equitable division of the community property.

PRESLAR, Chief Justice, dissenting.

I respectfully dissent and would affirm the judgment.

Where the service man has not served in the military long enough to earn retirement benefits, payments received for service-connected disability are separate property. *Ramsey v. Ramsey*, supra. There is no complaint concerning the division of the community property and no contention that it was necessary for the trial Court to invade Appellee's separate personal property in order to make a fair and equitable division of the community assets. Thus, there is no error in the judgment of the trial Court.

### ON MOTION FOR REHEARING

OSBORN, Justice.

The Appellee urges in his motion for rehearing that we have placed an undue burden on him in a case in which Appellant made no effort to establish those facts necessary for her to be awarded an interest in his disability retirement benefits. As noted in the original opinion, all property acquired during the parties' thirty-seven years of marriage is presumptively community property. If some of those benefits were earned prior or subsequent to this marriage, it was incumbent upon him to establish those facts. If those benefits were not "disability retirement" and subject to a just and equitable division as community property, it was incumbent upon him to show why not. There being no showing as to why those benefits should not have been divided as a part of the community property, and the trial Court's judgment having failed to make any disposition of those benefits, we felt compelled to reverse and require a division of those benefits in this case under the directions of the Supreme Court in the *Busby* and *Cearley* cases. Otherwise, the matter will have to be litigated in a new suit seeking a partition of those benefits as was done in *Busby*.

The motion for rehearing is overruled.

PRESLAR, C. J., dissenting.