Deon **RICHARD**, Appellant,

v.

Roberta Skinner **RICHARD**, Appellee.

No. 12–81–0143–CV.

Court of Appeals of Texas,
Tyler.

Oct. 13, 1983.

Chester V. Hines, Crockett, for appellant.

William R. Pemberton, Sallas, Meriwether & Pemberton, Crockett, for appellee.

McKAY, Justice.

This is a divorce case in which petitioner, Deon Richard, appeals from the portion of the judgment which divested him of one-half of his monthly Social Security disability benefits. The issue on this appeal is whether the trial court erred in characterizing the husband's Social Security disability benefits as community property and awarding one-half of all future payments to the wife.

Appellant, Deon Richard, was discharged from the military in 1969. Sometime thereafter he began receiving military disability checks. Deon Richard married Roberta Richard in 1973 several months after the birth of their daughter. During the marriage, Deon converted his military disability payments to Social Security disability payments. At the time of the divorce in 1981, Deon, Roberta, and their daughter were all receiving Social Security checks as a result of Deon's disability.

Trial was to the Court. The trial court granted the divorce and awarded custody of the daughter to Roberta. The trial court awarded Roberta one-half of Deon's Social Security disability payments as part of the

division of their community property. Roberta Richard also continued to receive the Social Security check that she had received prior to the divorce. The trial court decreed that the Social Security check that the daughter received prior to the divorce should continue to be paid to Roberta for the daughter's benefit, in lieu of child support. Deon Richard appeals from the portion of the judgment that divested him of one-half of his Social Security disability benefits. No findings of fact or conclusions of law were requested or filed.

The question on appeal is whether the Supremacy Clause of the United States Constitution preempts a division by the state court of Texas of a spouse's Social Security disability benefits under the federal Old Age Survivors and Disability Insurance Family Benefit Plan (OASDI), 42 U.S.C. §§ 402 *et seq.*

State law which conflicts with a federal statute is invalid under the Supremacy Clause of the United States Constitution.[1] Although this particular question has not been answered by Texas courts, other community property jurisdictions have held that Social Security benefits are not community property, and a state court's attempted disposition would conflict with federal law, disrupting a "uniform federal scheme of benefits" by producing results which would vary "depending upon the community property law of various states." *In re Marriage of Kelley,* 64 Cal.App.3d 82, 98, 134 Cal.Rptr. 259, 268 (1976). In a recent California decision, the court stated, "While there are numerous similarities between Social Security and private pension plans, there are also peculiarities in the statutory plan which make it *impossible to characterize and divide the benefits as community property.*" *Hillerman v. Hillerman,* 109 Cal.App.3d 334, 341, 167 Cal.Rptr. 240, 243 (1980). (Emphasis added.) California courts have repeatedly refused to recognize any community property interest in Social Security benefits. *In re Marriage of Nizenkoff,* 65 Cal.App.3d 136, 135 Cal.Rptr. 189

---

1. Article VI, clause 2, of the United States Constitution.

(1976); *In re Marriage of Cohen,* 105 Cal. App.3d 836, 164 Cal.Rptr. 672 (1980). These decisions have been based on federal cases which, for purposes of federal law, characterized Social Security as a general public benefit creating no legally recognized property or contract right. *Flemming v. Nestor,* 363 U.S. 603, 610, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435 (1960). In *Flemming,* the Court stated, "To engraft upon the Social Security system a concept of 'accrued property rights' would deprive it of the flexibility and boldness in adjustment to ever-changing conditions which it demands. It was doubtless out of an awareness of the need for such flexibility that Congress included in the original Act, and has since retained, a clause expressly reserving to it '[t]he right to alter, amend, or repeal any provision' of the Act, 42 U.S.C. § 1304."

In the past, Texas courts have held that military retirement payments are community property and divisible upon divorce. *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970), *Cearley v. Cearley,* 544 S.W.2d 661 (Tex. 1976). In 1981, the United States Supreme Court held in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that nondisability military retirement benefits were not subject to division under community property or other variations of marital property laws. However, Congress enacted the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, *et seq.,* effective February 1, 1983, which reversed the effect of the *McCarty* decision. Although the statute had the effect to restore the prior law that allowed state courts to apply state divorce property law to military retirement pay, federal law has established the right for state courts to divide the federal benefits.

In *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), the Court established the test to determine the federal preemption question. In *Hisquierdo,* the Court stated that "the pertinent questions are whether the right as asserted conflicts with the express terms of federal law and whether its consequences sufficiently injure the objectives of the federal program to require nonrecognition." 439 U.S. at p. 583, 99 S.Ct. at 809, 59 L.Ed.2d, at 12.

The *Hisquierdo* Court held that benefits under the Railroad Retirement Act are not community property and are not subject to division by a state court as "property" upon divorce. The Court held that California community property law was preempted by the express terms of the Railroad Retirement Act. The Court noted that the anti-attachment clause demonstrated the Congressional intent to preclude claims based on marital and family obligation as well as those of ordinary creditors. The anti-attachment provision ensures that the benefits actually reach the beneficiary. The anti-attachment clause, 45 U.S.C.A. § 231m, provides as follows:

> Notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated.

42 U.S.C.A. § 407 of the Social Security Act contains similar language against attachment and assignment:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

■ The rationale in *Hisquierdo* is applicable to Social Security benefits in that the language in 42 U.S.C.A. § 407 manifests a Congressional intent of preemption of state law. The Texas Supreme Court in *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 401 (Tex.1979), held that Railroad Retirement benefits are not to be treated as "property" for purposes of division upon divorce.

A similar result has been reached with regard to Veterans Administration disability benefits. In the case of *Ex parte John-*

*son,* 591 S.W.2d 453, 456, the Texas Supreme Court held that an award of the husband's Veterans Administration disability benefits to the wife upon divorce, conflicts with the clear intent of Congress that these benefits be solely for the use of the disabled veteran. The Court stated that the *Hisquierdo* holding was determinative of the question even though the *Hisquierdo* case involved Railroad Retirement benefits and this case involved Veterans Administration benefits. The Court analogized that both statutes contained prohibitions against attachment and anticipation of benefits. Likewise, the Social Security Act (OASDI) 42 U.S.C.A. § 407 contains a non-attachment provision. Also, the Court concluded that both Veterans Administration benefits and Railroad Retirement benefits are not contractual. Social Security benefits are not contractual either.

The Court held in *Ex parte Johnson* that *Hisquierdo* controlled the decision by analogy and that Veterans Administration benefits were not subject to division as community property due to federal preemption. Accordingly, *Hisquierdo* controls the case at bar.

In the Texas Supreme Court case of *Ex parte Burson,* 615 S.W.2d 192 (Tex.1981), the court held that Veterans Administration benefits are not divisible property. In deciding that Burson's military disability retirement pay was divisible upon divorce, but Veterans Administration benefits were not, the Court stated that the statutes control the property characterization of each and the fact of or lack of federal preemption of each. Therefore, viewing the Social Security Act in light of *Hisquierdo,* Texas community property law is preempted by the Supremacy Clause of the United States Constitution.

Appellee, Roberta Richard, cites the case of *Brownlee v. Brownlee,* 573 S.W.2d 878 (Tex.Civ.App.-El Paso 1978, no writ), for the proposition that disability benefits, including Social Security benefits, are community property. In *Brownlee,* the husband received Veterans Administration and Social Security Administration benefits for a disability rating. The Court held that the benefits were community property and subject to division upon divorce. The decision in *Ex parte Johnson* overrules the *Brownlee* decision.

Additional reasoning indicating Congressional intent to preempt state community property is shown by the fact that Congress expressly provides in 42 U.S.C. § 402(b)(1) for certain benefits for divorced spouses so that a divorced spouse would not have to depend upon a particular state's system of marital property law. The benefit payable to a divorced spouse of a covered worker does not reduce the benefit payable to the worker. 42 U.S.C. § 403(a)(3). The *Nizenkoff* court, *supra* at 65 Cal.App.3d 136, 140, 135 Cal.Rptr. 189, 191, concluded that Congress demonstrated an intention to preserve the federal character of the Social Security system in the face of "variations and idiosyncrasies of local law." In addition, the amount of an employee's "contributions" or earning does not necessarily determine the quantum of his benefits under OASDI. *In re the Marriage of Kelley, supra,* 64 Cal. App.3d 82, 97, 134 Cal.Rptr. 259, 268.

Railroad Retirement benefits and Veterans Administration disability benefits have been held not to be subject to division under community property laws due to federal preemption. Social Security disability benefits are similar and are likewise not subject to division under community property laws due to federal preemption.

Appellee raises a counterpoint that appellant's brief should be stricken because it does not comply with Tex.R.Civ.P. 418. We agree that appellant's brief is extremely poor; however, in the interest of justice, we will liberally construe the rule. *Guynn v. Corpus Christi Bank & Trust,* 589 S.W.2d 764, 769 (Tex.Civ.App.-Corpus Christi 1979, writ dism'd).

We reverse that part of the trial court's judgment that awards appellee, Roberta Richard, one-half of Deon Richard's Social Security disability benefits and remand the cause to the trial court for a complete redistribution of the estate of the parties under Section 3.63 of the Texas Family Code.

*McKnight v. McKnight,* 543 S.W.2d 863 (Tex.1976). The remainder of the trial court's judgment is affirmed.