

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00220-CV

IN THE MATTER OF THE MARRIAGE
OF MELISSA LEA GUNN EVERSE AND JOHANNES EVERSE

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2009-549,549, Honorable Judy C. Parker, Presiding

June 18, 2013

OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

In this appeal from a divorce decree, Johannes Everse and Melissa ("Lea") Everse both challenge the trial court's characterization of assets held in accounts. We will affirm in part and reverse in part and remand for the trial court to reconsider its division of the marital estate.

Background

The parties were married in July 1993 and separated in October 2009. Lea filed for divorce that month. They had no children together. Johannes has a doctorate in chemistry and was employed as a professor at Texas Tech University throughout his

marriage to Lea. Lea was a homemaker during her marriage to Johannes. Ultimately, the trial court found the total value of the community estate to be $1,013,196.20 and awarded $555,812.56 to Lea and $457,383.70 to Johannes.

Analysis

Applicable Law

There is a statutory presumption that all property possessed by either spouse on dissolution of the marriage is community property. *See* Tex. Fam. Code Ann. § 3.003(a) (West 2011); *Tarver v. Tarver,* 394 S.W.2d 780, 783 (Tex. 1965). The degree of proof necessary to overcome the presumption is clear and convincing evidence. Tex. Fam. Code Ann. § 3.003(b) (West 2011). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. Tex. Fam. Code Ann. § 101.007. The proof must weigh more heavily than merely the greater weight of the credible evidence, but the evidence need not be unequivocal or undisputed. *Boyd v. Boyd,* 131 S.W.3d 605, 611 (Tex.App.—Fort Worth 2004, no pet.).

Tracing involves establishing the separate origin of property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Moroch v. Collins,* 174 S.W.3d 849, 856-57 (Tex.App.—Dallas 2005, pet. denied). To overcome the community property presumption, the party asserting separate ownership must clearly trace the original separate property into the particular assets on hand during the marriage. *Cockerham v. Cockerham,* 527 S.W.2d 162, 167 (Tex. 1975). The burden of tracing is a difficult, but not impossible, burden to sustain.

*Boyd,* 131 S.W.3d at 612. As a general rule, mere testimony that funds came from a separate source, without any tracing of the funds, will not constitute the clear and convincing evidence necessary to rebut the community presumption. *Id.*; *see In re Marriage of Born,* No. 06-08-00066-CV, 2009 Tex.App. LEXIS 2569, at *13-15 (Tex.App.—Texarkana April 16, 2009, no pet.) (mem. op.) (collecting cases); *Osorno v. Osorno,* 76 S.W.3d 509, 512 (Tex.App.—Houston [14th Dist.] 2002, no pet.).

A showing of community and separate funds existing in the same account does not divest the separate funds of their identity and establish the entire amount as community, if the separate funds may be traced and the trial court is able to determine accurately the interest of each party. *Holloway v. Holloway,* 671 S.W.2d 51, 60 (Tex. App.—Dallas 1983, writ dism'd). In such cases, we presume the community funds are drawn out first, before separate funds are withdrawn, and where there are sufficient funds at all times to cover the separate property balance in the account at the time of the divorce, we presume the balance remains separate property. *Smith v. Smith*, 22 S.W.3d 140, 146 (Tex.App.—Houston [14th Dist.] 2000, no pet.).

Husband's Appeal

Funds in Prudential Discovery Select Annuity

In Johannes' first issue, he contends the trial court mischaracterized as community property part of the assets held in a Prudential Discovery Select Annuity account. The record shows a balance of $53,257.80 in the account at the time divorce proceedings were initiated. In its findings of fact, the trial court found $13,551.21 of the

3

amount to be Johannes' separate property, but treated the remaining $39,706.59 as community property. It is this characterization Johannes challenges.

There is no dispute that Johannes traced the $13,551.21 to an Aetna account which contained that amount at the time of the marriage. He contends he traced the remaining $39,706.59 to accrued retirement benefits he received in 1994 from the University of California, where he worked from 1969 to 1976.

When tracing separate property, it is not enough to show that separate funds could have been the source of a subsequent deposit. *Boyd,* 131 S.W.3d at 612. Lea points to gaps in Johannes' tracing evidence, including a gap of over ten years between a November 1999 statement in evidence and a statement for September 2010. We conclude the trial court did not err by finding Johannes' tracing evidence as to the $39,706.59 to be less than the clear and convincing evidence required. Johannes' first issue is overruled.

American State Bank Account #6061

In his second issue, Johannes similarly contends the trial court mischaracterized funds in American State Bank account #6061 as community property because he established their separate property character. At issue here again is the evidence Johannes set forth at trial to show the savings balance of $23,773.84 in account #6061 was his separate property.

Johannes testified he placed his Social Security payments for 2010 in that account. The record also indicates a document pertaining to the balances of the accounts at American State Bank was present in the courtroom, and was discussed by

4

the parties. The document was not offered into evidence, however, and we cannot conclude the trial court erred by finding Johannes' testimony insufficient to establish the separate character of the funds, particularly given his testimony that he transferred funds from account to account. *Boyd,* 131 S.W.3d at 612; *see In re Marriage of Robbins,* No. 06-10-00019-CV, 2010 Tex.App. LEXIS 6579, at *8-9 (Tex.App.— Texarkana, Aug. 12, 2010, no pet.) (mem. op.).[1] We overrule Johannes' second issue.

Just and Right Division

Johannes presents a third issue challenging the trial court's division of the community property. Because our disposition of Lea's appeal will require remand of the case for a new division, we need not address Johannes' third issue. Tex. R. App. P. 47.1.

Wife's Appeal

Treatment of Social Security Benefits

By her first issue, Lea contends the trial court erred by characterizing amounts held in certain investment accounts as Johannes' separate property. The court found

---

[1] We note also that the trial court awarded the disputed funds to Johannes. We do not address his contention regarding the impact of the asserted characterization error. He states only it appears from the trial court's findings of fact it would have awarded him a larger share of community property and the "sum is not insignificant."

Johannes successfully traced the amounts to Social Security benefits[2] he had received.[3]

Defending the trial court's characterization, Johannes cites *Richard v. Richard,* 659 S.W.2d 746, 748-79 (Tex.App.—Tyler 1983, no writ), in which the court found section 407(a) of the Social Security Act[4] precluded division under community property laws of Social Security disability benefits.[5] Lea responds that *Richard* dealt with an award to the wife of half of the husband's future monthly disability payments. *Richard,* 659 S.W.2d at 747. Here, she points out, the benefits have been received by Johannes and are held in investment accounts. She argues treatment of the received benefits as community property subject to a just and right division does not interfere with the federal statutory system,[6] and thus should not be precluded. *Cf. Hisquierdo v. Hisquierdo,* 439 U.S. 572, 588, 99 S. Ct. 802, 59 L. Ed. 2d 1 (1979) (addressing similar anti-attachment

---

[2] *See* 42 U.S.C. § 402.

[3] *See generally* Marvel, Annotation, Pension or Retirement Benefits as Subject to Award or Division by Court in Settlement of Property Rights Between Spouses, 94 ALR3d 176 (1979).

[4] 42 U.S.C. § 407(a) provides:

(a) In general. The right of any person to any future payment under this title [42 USC §§ 401 *et seq.*] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title [42 USC §§ 401 *et seq.*] shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

[5] *See Granger v. Granger*, 236 S.W.3d 852, 857 (Tex.App.—Tyler 2007, pet. denied) (applying *Richard* to Supplemental Security Income benefits).

[6] *See generally Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960*)*; *Helvering v. Davis,* 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937) (describing purpose and structure of Social Security Act).

6

provision of Railroad Retirement Act, stating such provisions "ensure[] that the benefits actually reach the beneficiary"). But in *Philpott v. Essex County Welfare Bd.,* 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1972), the United States Supreme Court applied section 407(a) to Social Security disability benefits that had been received and deposited. Noting the benefits received were "moneys paid" within the language of section 407(a), it found them protected. *Id.* at 415-16. Federal and state courts have applied *Philpott's* holding. *See, e.g., Hoult v. Hoult,* 373 F.3d 47, 56 (3d Cir. 2004) ("There is no question that § 407(a) . . . applies to benefits after they have been distributed to beneficiaries," *citing Philpott*); *Jones v. Goodson,* 772 S.W.2d 609, 611 (Ark. 1989) (citing *Philpott,* noting the section 407(a) exemption "applies even after the benefits are in the debtor's hands"); *Fitzpatrick v. Leasecomm Corp.,* No. 12-07-00487-CV, 2008 Tex.App. Lexis 6872, *5-*6 (Tex.App.—Tyler September 17, 2008, pet. ref'd) (mem. op.) (citing *Philpott* for proposition "benefits received retained the quality of 'moneys' and their exempt status even after they had been deposited in an account where they were readily withdrawable for the recipient's benefit"). *See also Wissner v. Wissner,* 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950) (finding similar anti-attachment provision in National Service Life Insurance Act precluded wife's community property claim against life insurance policy proceeds paid to military member's parents pursuant to his beneficiary designation).

We do not find a Texas case in which section 407(a) has been applied to preclude a just and right division of Social Security benefits already received, but courts in other states have applied section 407(a) to their laws regarding division of marital property. The facts in *Bowlden v. Bowlden*, 794 P.2d 1145 (Idaho Ct. App. 1989),

7

*remanded,* 794 P.2d 1140 (1990), are similar to ours. There, the husband began receiving monthly Social Security benefits during the marriage. The marital community had sufficient other income to support the couple so the benefits the husband received from Social Security were deposited in checking and savings accounts. At the time the parties were divorced, the husband claimed the money he received from Social Security was his separate property, while the wife maintained it was community in nature. *Id.* at 1145. Citing cases including *Hisquierdo,* 439 U.S. at 577, the Idaho court concluded Congress positively required by direct enactment that state law be preempted with respect to the treatment of Social Security benefits. As a result, the court agreed with the husband's characterization of the money he received as Social Security benefits. *Id.* at 1147.

The court in *Thibodeaux v. Thibodeaux,* 712 So.2d 1024 (La.App. 1 Cir. May 15, 1998), reached a similar conclusion. There, the husband was awarded Social Security disability benefits following a work injury during the marriage. The trial court characterized those benefits as the husband's separate property on its dissolution. On appeal, citing *Hisquierdo,* 439 U.S. 572, and *Philpott,* 409 U.S. at 417, the court noted the "Congressional intent to preclude claims based on marital and family obligations as well as those of ordinary creditors." *Id.* at 1027. The court determined that the treatment of Social Security disability benefits paid during the marriage as community property would do "major damage" to "clear and substantial" federal interests and accordingly, found the Supremacy Clause of the United States Constitution preempted classification of the husband's Social Security disability benefits as community property. *Id.* at 1028. *See also Dinges v. Dinges,* 743 N.W.2d 662, 670-71 (Neb. Ct. App. 2008) (similarly

8

finding section 407(a) precluded trial court's treatment of lump sum Social Security disability award received by the wife as a marital asset subject to division; and extending finding to amount of award traceable to modular home purchased after couple's separation).

In addition to the anti-attachment provision, both the Idaho and Louisiana courts found support for their conclusions Congress intended to "replace state family law as it applies to Social Security," *Thibodeaux,* 712 So.2d at 1028, in the comprehensive benefit scheme provided the federal law. Those courts noted that Old Age Survivors and Disability Insurance (OASDI)[7] benefits are payable to the spouse, dependent children and even the divorced spouse of the retired or disabled employee, in addition to the benefits payable to the employee. *Thibodeaux,* 712 So.2d at 1028.

Section 407(a) notwithstanding, the Congress has permitted garnishment and similar remedies for enforcement of child support and alimony obligations. 42 U.S.C. § 659(a). For that purpose it has defined "alimony," however, to exclude payments or transfers of property or its value in compliance with any community property settlement, equitable division of property, or other division of property between spouses or former spouses. 42 U.S.C. § 659(F)(i)(3)(B)(ii).

We are persuaded by the reasoning of courts in other states and conclude the trial court was correct to exempt Johannes' Social Security benefits, though previously received and at the time of divorce held in accounts, from the just and right division of the community property. Lea's first issue is overruled.

---

[7] 42 U.S.C. §§ 402 *et seq.*

9

Dutch Social Security

Johannes is a native of the Netherlands and worked there from 1948 through 1960. In 1996, during his marriage to Lea, he began receiving what he described as "Dutch Social Security" benefits. The trial court treated funds traceable to those benefits as his separate property, in the same manner as his United States Social Security benefits. By her second issue, Lea contends the trial court erred by doing so. We agree.

Our conclusion Johannes' United States Social Security benefits were not subject to division is the result of judicial application of our nation's "highly complex and interrelated statutory structure" for Social Security. *Flemming*, 363 U.S. at 610 (describing legislative judgments inherent in specific provisions of Social Security statutes). Our conclusion results directly from the specific provision precluding assignment and attachment of benefits. Whether the Dutch system that produced benefits for Johannes beginning in 1996 contains provisions contrary to application of our community property laws to the benefits received and now held in accounts owned by these Texas residents, we do not know. Nor do we know whether such provisions, if in place, would have been binding on the trial court. And the record before us sheds no light on the questions. We know Johannes' entitlement to the benefits is related to his employment in the Netherlands, that the benefits are received in Euros and that they are paid initially to an account in the Netherlands.

The funds in the accounts in question, like all assets in possession of the parties on divorce, are presumptively community property. Tex. Fam. Code Ann. § 3.003 (West

10

2012) (all property owned or possessed at the time of divorce is presumed to be community property); *see Zagorski v. Zagorski,* 116 S.W.3d 309 (Tex.App—Houston [14th Dist.] 2003, pet. denied) (applying tracing to funds held, at time of marriage, in foreign bank account). It was Johannes' burden to overcome the presumption by clear and convincing evidence. *Id.* at 314. We cannot agree that funds are shown to be exempt from division simply by evidence they are attributable to "Dutch Social Security." Lea's second issue is sustained.

Tracing Issues

In her third issue, Lea argues Johannes failed to meet his burden to provide clear and convincing evidence of the separate property characterization of funds in particular accounts. The trial court's characterization resulted in part from a tracing of funds to Dutch Social Security benefits. Because we have determined the presumption of community property applicable to funds from the Dutch benefits was not overcome, we agree with Lea that a characterization of funds as separate that is dependent on tracing to Dutch benefits was erroneous. To that extent, Lea's third issue is sustained.

Lea's argument in support of her third issue also includes a contention that the trial court erred by taking into account, in its division of the community property, the character as separate or community of certain funds that were withdrawn by Lea after separation or were distributed pursuant to temporary orders during the pendency of the divorce. Because some of the funds withdrawn or distributed were attributed to Dutch Social Security benefits, and because we will remand the case for a new division of the

11

community property, we need not now address Lea's complaint concerning the previous division.

Just and Right Division

In her fourth issue, Lea asserts the trial court's erroneous characterization of funds as Johannes' separate property was harmful and requires remand for a just and right division of the properly characterized community property. Because the funds attributable to the Dutch Social Security were not divided as part of the community estate, and because they have a value that would have affected the court's just and right division, we agree remand is required. *See Jacobs v. Jacobs,* 687 S.W.2d 731, 732 (Tex. 1985); *McElwee v. McElwee*, 911 S.W.2d 182, 189 (Tex.App.—Houston [1st Dist.] 1995, writ denied). Accordingly, we sustain Lea's fourth issue.

## Conclusion

Based on the foregoing, we reverse that portion of the trial court's judgment confirming as Johannes' separate property assets consisting of Dutch Social Security benefits. We also reverse the portions of the trial court's judgment reflecting its division of the community estate. In all other respects, we affirm the divorce decree. We remand the case to the trial court for further proceedings consistent with this opinion.


James T. Campbell
Justice